1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

REBEKAH LONG,

Plaintiff,

CASE NO.      C05-5554FDB

11

12

v.

REPORT AND
RECOMMENDATION

13

JO ANNE B. BARNHART,
Commissioner of Social Security,

Noted for March 10, 2006

14

Defendant.

15

16      This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. §

17   636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by Mathews, secretary of H.E.W.

18   v. Weber, 423 U.S. 261 (1976).  This matter has been fully briefed.  The parties agree that the ALJ

19   committed certain errors and only disagree as to how the administration should be directed by the court on

20   remand to the administration for further proceedings.

21                          FACTUAL AND PROCEDURAL HISTORY

22      Plaintiff, Rebekah Long, was born in 1965.   She obtained a GED, and she has worked as a flagger,

23   barista, waitress, wreath-maker, nursery laborer, cashier, stocker, and teacher's aide.  She last worked in

24   January 2001.  Plaintiff filed her application for disability benefits on July 18, 2002 (Tr. 77-79). She alleged

25   disability beginning January 31, 2001, due to joint pain/problems, anxiety, depression, and allergies/asthma

26   (Tr. 20). Her application was denied initially and upon reconsideration (Tr. 44-51). On March 7, 2003,

27   Plaintiff requested a hearing before an administrative law judge (ALJ) (Tr. 52-53). A hearing was held on

28   April 21, 2004 (Tr. 342-399). On August 5, 2004, the ALJ issued a decision finding that Plaintiff retained

the residual functional capacity (RFC) to perform work as a motel maid and machine operator (Tr. 30, Finding 12).  The Appeals Council denied Plaintiff's request for review on June 24, 2005 (Tr. 5-7), making the ALJ's decision the Commissioner's final decision. 20 C.F.R. § 404.981.

Plaintiff filed her complaint for judicial review on August 22, 2005, and in her opening brief, plaintiff argued the ALJ's decision was not properly supported by substantial evidence and not free of any legal error.  Plaintiff raised several issues regarding the validity of the ALJ's decision.  In response to plaintiff's opening brief and arguments made therein, defendant concedes the ALJ erred in making his decision and argues remand for further consideration is the appropriate remedy.  Defendant specifically concedes that the ALJ erred in his assessment of the medical evidence and that the matter should be remanded to allow the administration the opportunity to: (1) reevaluate and further develop the medical evidence of record, specifically, but not limited to the opinions of State Agency Psychologists Anita Peterson, Ph.D., Ben Kuhner, M.D., and Richard Biebuyck, M.D., and the opinions of the State Agency examining physician Leslie E. Postovoit, Ph.D. (Tr. 220-225); (2) to reevaluate Plaintiff's residual functional capacity; and (3) to reevaluate steps four and five of the sequential evaluation process with the assistance from a vocational expert as necessary.   Defendant further argues (i) the ALJ properly evaluated and rejected the opinion of Dr. Brzezinski-Stein, (ii) Plaintiff failed to meet her burden of proving she met or equaled the Listings, and (iii) remand is the appropriate remedy for the deficiencies in his decision. Plaintiff argues the appropriate remedy is remand, but that the court should not limit further review as suggested by defendant.  After reviewing the record, this court finds that a remand for further proceedings, without limitations,  is appropriate.

## DISCUSSION

The decision whether to remand a case for further proceedings or simply to award benefits is within the discretion of the court.  Harman v. Apfel, 211 F.3d 1172, 1176-1178 (9th Cir. 2000).  An award of benefits is appropriate when no useful purpose would be served by further administrative proceedings, or when the record has been fully developed and there is not sufficient evidence to support the ALJ's conclusion.  Rodriguez v. Bowen, 876 F.2d 759, 763 (9th Cir. 1989). Remand is appropriate where additional administrative proceedings could remedy defects. Id.; Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985) (*citing* Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984)).  Where remand would only

1   delay the receipt of benefits, judgment for the claimant is appropriate.  Rodriguez, 876 F.2d at 763.

2          After reviewing the arguments presented, the court finds the matter should be remanded for further

3   proceedings without any limitations.  Further proceedings are necessary because there are outstanding

4   issues that must be resolved before a finding of disability can be made. On remand, the ALJ should at least

5   do the following:

6          • Address all medical evidence in accordance with the regulations and Social Security Rulings

7   (SSRs) 96-2p, 96-5p, and 96-6p, with particular attention given to the opinions of State Agency

8   Psychologists Anita Peterson, Ph.D., Ben Kuhner, M.D., and Richard Biebuyck, M.D., and the opinions of

9   the State Agency examining physician Leslie E. Postovoit, Ph.D.  ;

10         • Further evaluate Plaintiff's subjective complaints pursuant to SSR 96-7p;

11         • Give further consideration to Plaintiff's mental limitations and provide reference and rationale in

12  support of the finding;

13         • Give further consideration to Plaintiff's maximum residual functional capacity;

14         • Obtain a medical expert to assist the ALJ in evaluating Plaintiff's mental and/or physical

15  impairments;

16         Furthermore, on remand, plaintiff may raise all of her arguments and any other issues to support her

17  application for disability benefits.

18                                              CONCLUSION

19         Based on the foregoing discussion, the administrative decision should be remanded for further

20  proceedings consistent with this decision.  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal

21  Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written

22  objections. See also Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for

23  purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by

24  Rule 72(b), the clerk is directed to set the matter for consideration on **March 10, 2006**, as noted in the

25  caption.

26         DATED this 17th day of February, 2006.

27                                          /s/ J. Kelley Arnold
                                           J. Kelley Arnold
28                                         U.S. Magistrate Judge

REPORT AND RECOMMENDATION
Page - 3